IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL S. KRAUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-cv-222-JED-JFJ |
| v. ) | |
| ) | |
| GENERAL ELECTRIC COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION & ORDER**

Plaintiff's Amended Complaint (Doc. 10) purports to bring a citizen suit under the Resource Conservation and Recovery Act ("RCRA"), as provided for by 42 U.S.C. § 6972(a)(1)(A). He alleges that Defendant has violated Subtitle C of RCRA by adding a mercury antioxidant to its Ecolux line of fluorescent lamps. The Court now has for its consideration Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12) and Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 13). The Court has considered Defendant's Motions and Brief in Support (Doc. 14), Plaintiff's Response (Doc. 15), Defendant's Reply (Doc. 19), and Plaintiff's Sur-Reply (Doc. 24).[1]

Defendant's original argument in its Motions was that Plaintiff's claim should be dismissed—either for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted—because Plaintiff failed to comply with the 60-day delay requirement provided by 42 U.S.C. § 6972(b)(1). As explained in this Court's prior order, this 60-day delay provision does not apply to Plaintiff's claim. (*See* Doc. 23 at 2).

---

[1] The Court granted Plaintiff permission to file a sur-reply after Defendant raised new arguments in its reply brief. (*See* Doc. 23).

In its Reply, Defendant raises new arguments for why this Court does not have subject matter jurisdiction over Plaintiff's claim. Defendant first argues that Plaintiff's claim must be dismissed because his pre-suit notice violated 40 C.F.R. § 254.3(a) by failing to contain "dates, specificity, or a time-frame for the alleged violations." (Doc. 19 at 2). Defendant also asserts that Plaintiff has failed to establish standing to bring this claim. Specifically, Defendant asserts that Plaintiff has neither alleged nor demonstrated an injury in fact. (Doc. 19 at 2). Because the Court agrees that Plaintiff has failed to establish Article III standing, it need not address Defendant's argument concerning 40 C.F.R. § 254.3(a).

## I. Legal Standards

"Article III . . . gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990), *quoted in Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order to satisfy the "irreducible constitutional minimum of standing," a plaintiff must show that "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000); *Lujan*, 504 U.S. at 560-61. Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

The relevant showing for satisfying the first prong of Article III standing "is not injury to the environment but injury to the plaintiff." *Friends of the Earth, Inc.*, 528 U.S. at 181. If the alleged harm "in fact affects the recreational or even the mere esthetic interests of the plaintiff,

2

that will suffice." *Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009). Yet, neither a "bald assertion" of aesthetic or recreational harm "nor a purely subjective fear that an environmental hazard may have been created is enough to ground standing." *Maine People's All. & Nat. Res. Def. Council v. Mallinckrodt, Inc.*, 471 F.3d 277, 284 (1st Cir. 2006). Federal courts have found that plaintiffs adequately alleged an injury in fact to bring a citizen suit under RCRA where the plaintiff associations' members resided on or near the banks of a river and claimed diminished enjoyment of that river due to fear of mercury contamination, *id.* at 283-84, and where a plaintiff association alleged that the defendant's discharge of waste threatened the herring population on which the association's members' livelihoods depended. *San Francisco Herring Ass'n v. Pac. Gas & Elec. Co.*, 81 F. Supp. 3d 847, 858-60 (N.D. Cal. 2015).

## II. Discussion

In his response to Defendant's standing argument, Plaintiff provides only a few sentences of explanation as to why he believes his Amended Complaint alleges an injury in fact. Plaintiff states that "OAC [Oklahoma Administrative Code] 252:205-3-2(c) protects [his] interest in being assured that the waste put in landfills in Tulsa is not hazardous," and that "GE's practice of adding a mercury antioxidant to Ecolux lamps is an invasion of Krause's legally protected interest in being assured that the waste put in landfills in Tulsa is not hazardous." (Doc. 24).

Oklahoma Administrative Code § 252:205-3-2(c) provides for the incorporation by reference, with minor exceptions, of Part 261 ("Identification and Listing of Hazardous Waste") of the EPA regulations concerning solid waste. Oklahoma's adoption of these regulations, however, does not imbue Plaintiff with standing to bring this RCRA claim. Plaintiff has not shown any concrete or particularized injury suffered by him—neither in his Amended Complaint (Doc. 10), nor in his Sur-Reply (Doc. 24). As such, his claim must be dismissed for lack of subject

matter jurisdiction. *See N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 645 F. App'x 795, 804 (10th Cir. 2016) (unpublished) ("Federal courts scrupulously guard the boundaries of their jurisdiction . . . .").

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12) is hereby **granted**. Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 13) is **moot**. Plaintiff's claim under RCRA is **dismissed without prejudice**. A separate Judgment will be entered forthwith.

ORDERED this 21st day of March, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE